**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:24-cr-107 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| JASON WADE | ) | Magistrate Judge Michael J. Dumitru |
| | ) | |

---

**MEMORANDUM AND ORDER**

---

Before the Court is Defendant Jason Wade's motion to dismiss the indictment in this case, which charges him with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 35.) In his motion, Defendant argues that this charge violates his Second Amendment right to bear arms and is unconstitutional as applied to him. Defendant also requests a hearing "so he can show that he is not currently dangerous and his prior felony convictions do not support his disarmament and resulting incarceration." (*Id*. at 16.)

For the following reasons, the Court will **DENY** Defendant's motion.

## I. BACKGROUND

Prior to the indictment that forms the basis for this case (Doc. 1), Defendant was convicted of multiple felony offenses. These include state-court felony convictions for aggravated burglary, aggravated assault, and a federal felony conviction for illegal possession of a firearm. (Docs. 43-1–43-9); (*accord* Doc. 35, at 2.)

On July 6, 2024, Defendant was in an altercation with an acquaintance, culminating in Defendant shooting the other individual in the leg. (Doc. 35, at 2; Doc. 43, at 1.) At the time of the incident, Defendant was serving a three-year term of supervised release for his federal

conviction, the terms of which prohibit his possession of a firearm. (Case No. 1:14-cr-85 Doc. 36, at 3.) Defendant was arrested a few weeks later. (Doc. 35, at 2; Doc. 43, at 1.)

Following this incident, a federal grand jury indicted Defendant on November 23, 2024, charging him with one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) On February 2, 2026, Defendant filed a motion to dismiss the indictment and for a "dangerousness" hearing, which is now ripe for the Court's review. (Doc. 35.)

## II. STANDARD OF LAW

Defendants may challenge defects in an indictment, including its constitutionality, through a pretrial motion to dismiss, provided "the basis of the motion is then reasonably available, and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B). Constitutional challenges to indictments, and the statutes underlying them, can be facial or as-applied. On a facial challenge, "the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). An as-applied challenge, on the other hand, only requires the challenger to show the statute is unconstitutional "in the particular context in which he has acted." *Women's Med. Pro. Corp. v. Voinovich*, 130 F.3d 187, 193 (6th Cir. 1997) (citation omitted). Whether the challenge is facial or as-applied, "the [c]ourt must view the [i]ndictment's factual allegations as true, and must determine only whether the indictment is valid on its face." *Costello v. United States*, 350 U.S. 359, 363 (1956).

Under 18 U.S.C. § 922(g)(1), also known as the felon-in-possession statute, it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to ship, transport, possess, or receive "any firearm or ammunition"

with a connection to interstate or foreign commerce. Motions to dismiss § 922(g)(1) charges implicate an evolving landscape of Second Amendment jurisprudence, as courts interpret the Supreme Court's decisions in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024). Following these decisions, the Sixth Circuit held that § 922(g)(1) is "constitutional on its face and as applied to dangerous people." *United States v. Williams*, 113 F.4th 637, 662–63 (6th Cir. 2024). It reasoned, applying *Bruen*, that (1) felons are included among "the people" whose rights the text of Second Amendment protects, *see id.* at 649; and (2) § 922(g)(1) is consistent with the Nation's history and tradition of firearm regulation provided that a defendant "has an opportunity to make an individualized showing that he himself is not actually dangerous," *id.* at 663. As a result, if a defendant can "[meet] his burden[1] to demonstrate that he is not dangerous" in an as-applied challenge, the Second Amendment will bar his § 922(g)(1) prosecution. *Id.* at 657. The Sixth Circuit further advises that Courts hearing these challenges "must focus on each individual's specific characteristics," which "necessarily requires considering the individual's entire criminal record—not just the predicate offense for purposes of § 922(g)(1)," "as well as other judicially noticeable information." *Id.* at 658–59, 660.

To guide these individualized determinations, *Williams* outlines a tripartite framework categorizing past convictions according to their probative value for assessing dangerousness: The first category, consisting of "crimes against the person," includes "dangerous and violent crimes like murder, rape, assault, and robbery." *Id.* at 658. The second category, "while not strictly crimes against the person," consists of crimes that "inherently pose[] a significant threat

[1] *Williams* does not specify which burden of proof applies in this context. *See Williams*, 113 F.4th at 657–63.

of danger," such as drug trafficking and burglary. *Id.* at 658, 663. *Williams* considers past offenses in both the first and second categories very probative of dangerousness, suggesting a defendant "in either of these categories will have a very difficult time, to say the least, of showing he is not dangerous."[2] *Id.* at 663. The third category includes "crimes that pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." *Id.* at 663. These crimes, the *Williams* court suggested, will not tend to support findings of dangerousness. *See id.* at 659. Notwithstanding this framework, the *Williams* court emphasized that it did not "mean to suggest that courts facing as-applied challenges must find 'categorical' matches to show a defendant is dangerous," and it instructed instead that dangerousness determinations should be "fact-specific, depending on the unique circumstances of the individual defendant." *Id.* at 660. *Williams* further instructs that an as-applied review of § 922(g)(1) charges may be based on "any evidence of past convictions in the record, as well as other judicially noticeable information." *Id.*

## III. ANALYSIS

Defendant brings facial and as-applied challenges to his § 922(g)(1) charge. (Doc. 35.) As to the facial challenge, however, Defendant acknowledges that § 922(g)(1) is facially constitutional under *Williams* but nonetheless seeks to preserve this issue for appeal. (*Id.* at 16.) Accordingly, because *Williams* is binding circuit precedent that is dispositive on this issue, the Court will deny Defendant's motion to the extent he argues that § 922(g)(1) is facially unconstitutional. *See* 113 F.4th at 662–63.

---

[2] The *Williams* court expressly reserves ruling on whether a crime in the first category is dispositive, though it finds it "hard to see how someone who commits such a dangerous and violent act may overcome the presumption that they are dangerous." *Williams*, 113 F.4th at 658.

To the extent Defendant argues that § 922(g)(1) is unconstitutional as applied to him, that argument also fails because he has not met his burden to demonstrate that he is not dangerous. (*See* Doc. 35.) Defendant's criminal history includes three convictions for aggravated assault. (Docs. 43-6–43-8.) These convictions constitute category-one offenses because they are a "crime against the person," which is highly suggestive of dangerousness. *See Williams*, 113 F.4th at 658 (explaining that crimes against the person speak directly to whether an individual is dangerous and "are at least strong evidence that an individual is dangerous, if not totally dispositive on the question"). Defendant also has five convictions for burglary (Docs. 43-1–43-5) and one conviction for illegal possession of a firearm (Doc. 43-9). These convictions constitute category-two offenses because they "inherently pose[] a significant threat of danger." *See Williams*, 113 F.4th at 663.

Thus, Defendant's criminal history strongly militates in favor of finding that he is dangerous. Regardless of the events immediately preceding, and actions taken during, the offense conduct, Defendant's criminal history demonstrates that he is dangerous such that § 922(g)(1) is constitutional as applied to him. Accordingly, the Court will also deny Defendant's as-applied challenge to the constitutionality of § 922(g)(1).

The Court, finding that the legal precedent is overwhelming, the record is sufficient, and there is no need for further factual development, concludes that an evidentiary hearing on dangerousness is unnecessary.

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss the indictment against him (Doc. 35) is **DENIED**.

**SO ORDERED.**

***/s/Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**